IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DONALD W. MARVIN,                :
                                 :
        Petitioner,              :    CIVIL NO. 3:CV-07-1479
                                 :
   v.                            :    (Judge Caputo)
                                 :
Warden J.W. KILLIAN, *et al.,*   :
                                 :
        Respondents.             :

## MEMORANDUM

Petitioner Donald W. Marvin, an inmate currently confined at the Otisville Federal Correctional Institution ("FCI-Otisville") in Otisville, New York, commenced this action by filing a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2254.[1]  He challenges the Pennsylvania Board of Probation and Parole ("PBPP")'s denial of his request to retroactively grant him parole as of August 14, 2000 so that he can receive a credit on the federal sentence he currently is serving.

The parties have briefed the issues, and the matter is ripe for disposition. For the reasons set forth below, the Petition will be denied.

## BACKGROUND

On August 22, 1995, Marvin was sentenced to a term of imprisonment of two (2) to six (6) years following his conviction in the Monroe County Court of

---

[1] The Court notes that the Clerk of Court categorized the Petition (Doc. 1) as having been filed pursuant to the provisions of 28 U.S.C. § 2241 and will direct that the Clerk modify the docket to reflect that the petition was filed pursuant to 28 U.S.C. § 2254.

Common Pleas of Theft by Deception, Receiving Stolen Property, and two counts of Removal or Falsification of Identification Number. (Doc. 19-1 ¶ 1.) Marvin's minimum term of sentence originally was set at September 25, 2000, and his maximum term was set at September 24, 2004. (*Id.* ¶ 2.)

On October 30, 1998, Marvin was sentenced to a term of 130 months imprisonment in the United States District Court for the Eastern District of Pennsylvania after he pled guilty to Conspiracy to Interfere with Interstate Commerce by Robbery, Aiding and Abetting, and Using a Firearm during a Crime of Violence. (*Id.* ¶ 3; Doc. 19-3 at 2-3.)

On September 13, 2000, the PBPP issued a decision granting Marvin constructive parole on or after September 25, 2000, his minimum term date, to begin serving his federal sentence. (Doc 19-3 at 4-5.) On October 25, 2000, Marvin was released on parole to his federal sentence. (*Id.* at 5.)

On April 15, 2004, the PBPP notified Marvin that it had modified his minimum and maximum sentence dates to August 14, 2000 and August 14, 2004, respectively, due to a sentence credit adjustment. (*Id.* at 6.)

On August 14, 2004, Marvin's maximum sentence date expired. (Doc. 19-1 ¶ 7.) On December 27, 2004, the PBPP informed Marvin that its records as to his state sentence were closed. (Doc. 19-3 at 7.)

On July 15, 2005, Marvin filed a petition for review in the Commonwealth Court requesting that the Court order the PBPP to retroactively parole him to his federal sentence as of August 14, 2000, his modified minimum sentence date.

(Doc. 19-1 ¶ 8.)  On July 18, 2005, the Commonwealth Court dismissed Marvin's petition *sua sponte* for lack of original jurisdiction.[2]  (*Id.* ¶ 9.)  Marvin's application for reconsideration was denied by the Commonwealth Court on August 18, 2005.  (*Id.* ¶¶ 10-11.)

On August 18, 2005, Marvin appealed the Commonwealth Court's decision to the Pennsylvania Supreme Court.  (*Id.* ¶ 12.)  On July 28, 2006, the Supreme Court affirmed the Commonwealth Court's Order dismissing Marvin's case for lack of jurisdiction.[3]  (*Id.* ¶ 13.)

Marvin filed the instant Petition with this Court on August 13, 2007.  By Order dated September 18, 2007 (Doc. 8), the Clerk of Court was directed to add the PBPP as a Respondent and to serve a copy of the Petition on the warden of FCI-Otisville and PBPP, and Respondents were directed to file an answer within twenty (20) days.  Following a request for an extension of time, which was granted, on November 6, 2007, Respondent PBPP filed an Answer (Doc. 19) and a Memorandum of Law (Doc. 20).  On November 26, 2007, Marvin filed a Reply (Doc. 22) and Memorandum of Law (Doc. 23).

In his Petition, Marvin asserts that he is being incarcerated for an additional forty (40) days as a result of the PBPP's refusal to grant his request to retroactively parole him as of August 14, 2000.  (Doc. 1 at 5.)  He reasons that if

---

[2]*Marvin v. Pennsylvania Board of Probation and Parole*, 366 MD 2005 (Pa. Commw. 2005).

[3]*Marvin v. Pennsylvania Board of Probation and Parole*, 107 MAP 2005 (Pa. 2006).

3

he had been paroled on the earlier date, he would have begun serving his current federal sentence earlier, and therefore, would be released from his federal sentence at an earlier date.  (*Id.*)  Marvin submits that he is being confined for an additional forty (40) days in violation of his right to due process, the prohibition against double jeopardy, and his right to equal protection of the laws.  (*Id.*)  Marvin requests that this Court order the PBPP to change his parole date to August 14, 2000 or, in the alternative, order the BOP to give him a credit of forty (40) days on his current federal sentence.  (*Id.* at 14.)

## DISCUSSION

### I.     Mootness

The threshold issue before the Court is whether Marvin's Petition is moot.  Respondents contend that the Petition is moot because the maximum sentence date on Marvin's state sentence expired on August 14, 2004, and therefore he is no longer serving the sentence that he is challenging here.  (*See* Doc. 19-1 ¶¶ 20-27.)  The Court disagrees that the Petition is moot.

A petitioner who is serving consecutive sentences imposed by the same court is considered to be "in custody" for habeas purposes while he is serving any one of those sentences.  *Garlotte v. Fordice*, 515 U.S. 39, 40-41 (1995).  Therefore, he may challenge a sentence that ran earlier in the series and has expired while he is serving a sentence later in the series.  *Id.* at 41.  The United States Court of Appeals for the Third Circuit has recognized that a petitioner's

challenge to a completed sentence is not mooted where the petitioner is serving a consecutive sentence imposed by a different court at a different time. *See DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005). In *DeFoy,* the petitioner was on parole from a sentence imposed for armed robbery when he was arrested for involuntary deviate sexual intercourse, statutory rape, and sexual intercourse with a minor. *Id.* at 440. He was sentenced to 78 to 156 months imprisonment on the new charges and also ordered to serve an additional forty months imprisonment on his armed robbery sentence. *Id.* The sentencing judge also required DeFoy to complete a sexual offender's treatment program. *Id.* at 440-41. In order to successfully complete the program, DeFoy was required to admit his guilt as to the sexual offenses, and he refused to do so. *Id.* at 441. Consequently, when he was eligible for parole from his armed robbery sentence, he was denied parole. *Id.*

DeFoy filed a petition for writ of habeas corpus challenging the denial of parole from his armed robbery sentence. *Id.* At the time he filed his petition, he no longer was serving his armed robbery sentence, but instead was serving his sentence on the sex offense convictions. *Id.* Therefore, the Commonwealth argued that DeFoy's petition was moot because he no longer was serving the sentence from which he was denied parole. *Id.* The *DeFoy* Court disagreed, reasoning that DeFoy could challenge his first sentence while he was serving his second sentence because any error as to the former would delay the start of the latter, and any relief granted might affect his ultimate release date. *Id.* at 442;

*see also Vines v. DiGuglielmo*, 2007 WL 210106, *2-3 (E.D. Pa. 2007) (determining petitioner's habeas petition challenging first sentence not moot where current sentence would have started sooner if challenge had merit).

Similarly, in this case, if this Court were to grant Marvin's requested relief and direct the PBPP to retroactively parole him as of August 14, 2000, such that he would be entitled to a credit for the additional forty (40) days during which he would have been serving his current federal sentence, the result would be that Marvin potentially could be released earlier from his current sentence. Therefore, the Petition is not moot.

## II.     **Exhaustion and Procedural Default**

A state prisoner cannot obtain habeas relief in federal court unless he has exhausted the remedies available in state court, there is an absence of available State corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant.  28 U.S.C. § 2254(b)(1).  This statutory provision has been interpreted to require a federal habeas petitioner to present the facts and legal theory associated with each claim through "one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); *see also Holloway v. Horn,* 355 F.3d 707, 714 (3d Cir. 2004).

In Pennsylvania, a state inmate may appeal an adverse decision by the Pennsylvania Board of Probation and Parole to the Commonwealth Court.  *See Williams v. Wynder*, 232 Fed. Appx. 177, 178 (3d Cir. 2007).  If the

6

Commonwealth Court does not grant the relief a state inmate seeks, he or she may file a petition for allowance of appeal with the Supreme Court of Pennsylvania.  *See id.*  If the inmate fails to seek review from the Supreme Court of Pennsylvania, then the state claim is unexhausted.[4]  *See id.* at 181.

If a habeas petitioner has presented his claim to the state courts, but the state courts have declined to review his claim on the merits because the petitioner failed to comply with a state procedural rule when presenting his claim, the claim is deemed procedurally defaulted.  *See Harris v. Reed*, 489 U.S. 255, 262-63 (1989).  Federal courts may not consider the merits of claims that have been procedurally defaulted unless the petitioner establishes "cause" to excuse the default and actual "prejudice" as a result of the alleged violation of federal law, or unless the prisoner demonstrates that failure to consider the claim will result in a fundamental "miscarriage of justice."  *Id.* at 262*; see also Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

Marvin's petition for review with the Commonwealth Court was filed over one year after the PBPP informed him that it had adjusted his minimum and maximum sentence dates.  Because his petition was not timely, it was dismissed

---

[4]Although the Supreme Court of Pennsylvania declared by Order No. 218 dated May 9, 2000 that federal habeas petitioners do not have to appeal to the Supreme Court to satisfy the exhaustion requirement, this Order is inapplicable to petitioners seeking review of a decision by the Commonwealth Court involving a challenge to actions by the Pennsylvania Board of Probation and Parole.  *See Williams*, 232 Fed. Appx. at 180.

*sua sponte* for lack of original jurisdiction.[5]  The Pennsylvania Supreme Court affirmed the Commonwealth Court's Order dismissing the petition for review. (*See* Doc. 19-1 ¶ 13.)  Because the state courts declined to review Marvin's claims on the merits in light of his failure to comply with state procedural rules in presenting his claims, his claims have been procedurally defaulted.  *See Harris*, 489 U.S. at 262-63.

Notwithstanding Marvin's failure to exhaust, the Court will consider the Petition because the claims raised in it clearly are without merit.  *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").  An analysis of Marvin's claims follows.

### III.    Analysis

Marvin first argues that the PBPP violated his due process rights by denying his request to retroactively parole him as of his recalculated minimum date of August 14, 2000.  The Fourteenth Amendment of the United States Constitution provides in pertinent part: "No State shall . . . deprive any person of life, liberty, or property, without due process of law. . . ."  In order to determine whether a due process violation has occurred, an initial determination must be made that a protected liberty interest exists, and if so, the next step is to define

---

[5]Pa. R. App. P. 1512(a)(1) provides: "A petition for review of a quasijudicial order, or an order appealable under 42 Pa. C.S. § 763(b) (awards of arbitrators) or under any other provision of law, shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order."

what process is mandated to protect it.  *Shoats v. Horn*, 213 F.3d 140, 143 (3d Cir. 2000).

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."  *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). An inmate's minimum term "merely sets the date prior to which [he] may not be paroled." *Brown v. Pennsylvania Board of Probation and Parole*, 668 A.2d 218, 220 (Pa. Commw. 1995) (citing *Krantz v. Pennsylvania Board of Probation and Parole*, 483 A.2d 1044 (Pa. Commw. 1984)).  In Pennsylvania, an inmate does not have a protected liberty interest until the PBPP has executed an order granting the inmate's release on parole and the inmate has signed an acknowledgment of the conditions of parole.  *Shaw v. Pennsylvania Board of Probation and Parole*, 671 A.2d 290, 292 (Pa. Commw. 1996) (citing *Johnson v. Pennsylvania Board of Probation and Parole*, 532 A.2d 50, 52 (Pa. Commw. 1987)). Because Marvin did not have a constitutionally protected liberty interest in being paroled as of his minimum sentence date, he has no right to have his parole release date retroactively changed from October 25, 2000 to his adjusted minimum date of August 14, 2000.  Therefore, his claim that the PBPP violated his due process rights in denying his request to retroactively parole him lacks merit.

Marvin next claims that the PBPP's denial of his request to change his parole date constitutes a violation of the Double Jeopardy Clause of the Fifth

Amendment to the United States Constitution.  The Fifth Amendment provides, in relevant part, that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb."  U.S. Const., Amend. V.  This protection against double jeopardy bars both successive punishments and successive prosecutions for the same criminal offense.  *United States v. Dixon*, 509 U.S. 688, 696 (1993) (citing *North Carolina v. Pearce*, 395 U.S. 711 (1969)).  The PBPP's denial of Marvin's request to retroactively change his parole date does not constitute a second prosecution.  It also does not constitute a second punishment because Marvin was released on parole to begin serving his federal sentence long before the expiration of his maximum sentence date.  Therefore, Marvin's Double Jeopardy claim lacks merit.

Finally, Marvin claims that the PBPP's denial of his request to change his parole date to his recalculated minimum date violates his right to equal protection of the laws.  The Equal Protection Clause of the Fourteenth Amendment states that no State shall "deny any person within its jurisdiction the equal protection of the laws."  U.S. Const., Amend. 14.  As such, it requires all persons "similarly situated" to be treated alike by state actors.  *See City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985).  To prevail on this claim, Marvin must show both that he was treated differently from persons who are similarly situated, and that this discrimination was purposeful or intentional rather than incidental.  *See City of Cleburne*, 473 U.S. at 439; *see also Tillman v. Lebanon County Correctional Facility*, 221 F.3d 410, 423-24 (3d Cir. 2000); *Wilson v. Schillinger*,

10

761 F.2d 921, 929 (3d Cir. 1985).  Marvin alleges that he was treated differently because the PBPP did not set his parole review hearing before August 14, 2000, but rather set his hearing on September 13, 2000 based upon his original minimum date of September 25, 2000.  (*See* Doc. 22 ¶ 51.)  He alleges that if his minimum date had been correctly calculated from the start, he would have seen the parole board in a "timely fashion."  (*See id.*)  However, Marvin does not assert that the PBPP discriminated against him by intentionally setting his parole review hearing later than his adjusted minimum sentence date.  *See City of Cleburne*, 473 U.S. at 439.  Consequently, his claim that the PBPP violated his right to equal protection lacks merit.

## CONCLUSION

For the foregoing reasons, Marvin's Petition for writ of habeas corpus (Doc. 1) will be denied.  An appropriate Order follows.


September 4, 2008			s/ A. Richard Caputo
					A. RICHARD CAPUTO
					United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DONALD W. MARVIN, :
:
        Petitioner, : CIVIL NO. 3:CV-07-1479
:
v. : (Judge Caputo)
:
Warden J.W. KILLIAN, *et al.*, :
:
        Respondents. :

## ORDER

**NOW, THIS 4th DAY OF SEPTEMBER, 2008,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Clerk of Court shall modify the docket to reflect that the Petition (Doc. 1) was filed pursuant to 28 U.S.C. § 2254.

2. The Petition for writ of habeas corpus (Doc. 1) is **DENIED**.

3. All pending Motions are **DENIED** as moot.

4. The Clerk of Court shall **CLOSE** this case.

5. There is no basis for the issuance of a certificate of appealability.

                                      s/ A. Richard Caputo
                                      A. RICHARD CAPUTO
                                      United States District Judge